UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

                                             CASE NO.: 8:14-cr-92-T-24MAP

vs.

MARIO FUERTES

_____/

**ORDER**

      This cause comes before the Court on Defendant Mario Fuertes's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for a New Trial (Dkt. 114), to which the government has filed a response (Dkt. 115).  In the motion, Defendant renews his motion for judgment of acquittal, asks the Court to set aside the jury verdict, and enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c).  In the alternative, Defendant asks the Court to order a new trial pursuant to Federal Rule of Criminal Procedure 33(a), arguing that the jury's verdict was contrary to the greater weight of the evidence.  The Court, having reviewed the motion and being otherwise advised, concludes that the motion should be **DENIED**.

### I.    BACKGROUND

    The seventeen count Indictment, returned March 13, 2014, charged Defendant and his co-defendant, Gladys Fuertes, with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349 (count one), health care fraud, in violation of 18 U.S.C. § 1347 (counts two through eleven), aggravated identify theft, in violation of 18 U.S.C. § 1028A (counts twelve through fifteen), and obstruction of a health care crime investigation, in violation of 18 U.S.C. § 1518 (counts sixteen through seventeen).  Dkt. 1.  On March 24, 2015, after a seven day trial, the jury found Defendant guilty of the following offenses: conspiracy to commit healthcare fraud (count

one), healthcare fraud (counts two through eleven), and obstructing a healthcare crime investigation (counts sixteen through seventeen). Dkt. 102. The jury found Defendant not guilty of aggravated identify theft (counts twelve through fifteen). *Id.*) The jury found Gladys Fuertes guilty on all counts.[1] Dkt. 101.

**II.**    <u>ANALYSIS</u>

A. <u>Judgment of Acquittal</u>.

"In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006) (internal quotation omitted). "The prosecution need not rebut all reasonable hypotheses other than guilt" and "[t]he jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *Id.* "The court must accept all reasonable inferences and credibility determinations made by the jury." *Id.*

Defendant asserts that the conspiracy and the substantive healthcare fraud claims (counts one through eleven), centered around improper Medicare billing and that the evidence at trial never connected him to Gables Medical and Therapy Center's ("Gables") medicare billing in any way. Rather, Defendant contends, the trial evidence and testimony showed that he did not participate in the submission of false claims to Medicare, and that he merely ran simple errands for Gables. *Id.* at 3. These same arguments were made to the jury by Defendant's counsel.

At trial, there was testimony and evidence that Defendant financially benefitted from the healthcare fraud, and once the federal investigation of Gables began, assisted in attempting to

---

[1]
Gladys Fuertes also filed a motion for a judgment of acquittal and motion for new trial (Dkt. 113), which the Court denied. Dkt. 117.

cover up the fraud.  There was also evidence that the same few patients visited Gables, all on the same few days of the month, and that Dr. Padron, the doctor who allegedly staffed the clinic, was rarely present at Gables.  Defendant was present at the clinic and observed its day-to-day activity or lack thereof including the patients, the medical care they received or didn't receive, and the lack of a qualified doctor on staff.

There was evidence by which the jury could have reasonably concluded that even if Defendant did not personally participate in the false billing submissions to Medicare, he was guilty of conspiracy to commit healthcare fraud because Defendant participated in the operation of Gables, even if it was to run errands, that he knew of the false Medicare billings as evidenced by his role in attempting to cover them up, and he profited from the fraudulent scheme.  "If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty."   Dkt. 93 at 17 (Court's instruction on conspiracy to commit health care fraud).

As to the substantive healthcare fraud counts, the jury could have relied on the Aiding and Abetting instruction as well as the *Pinkerton* instruction in finding Mario Fuertes guilty.  He aided and abetted Gladys Fuertes, his wife, in operating and profiting from a clinic that existed solely to defraud Medicare by submitting bills for treatment that was never rendered or received.  In addition, the jury could have reasonably relied on the *Pinkerton* instruction to find Defendant guilty of the substantive counts of health care fraud.

The *Pinkerton* instruction, patterned after the case of *Pinkerton v. United States*, 328 U.S. 640 (1946), states in relevant part: "During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the

crime even though the coconspirator did not participate directly in the crime." Dkt. 93 at 19. The instruction goes on to require that if the jury found Mario Fuertes guilty of conspiracy to commit healthcare fraud (count 1), then the jury could find him guilty of the crimes charged in counts two through fifteen even though he did not *personally* participate in the crimes so long as he was a knowing member of the conspiracy and it was reasonably foreseeable that a coconspirator would commit the crimes as a consequence of the conspiracy. *Id.* Here, it was reasonably foreseeable to Mario Fuertes that Gladys Fuertes, his wife and coconspirator, would commit the false billings charged in counts two through fifteen as a consequence of the conspiracy.

Defendant also challenges the jury's verdict on the obstruction of a healthcare fraud investigation charges (counts 16 and 17). He argues that the evidence was not sufficient to sustain a conviction, that the evidence was not credible, and only rested on the testimony of two witnesses: Cathleen Ortega and Federal Bureau of Investigation Agent Shannon Muldrow. Dkt. 111 at 3-4.

As to count sixteen, which occurred on May 29, 2013 – the day Defendant and Gladys Fuertes submitted altered documents to the government in response to a grand jury subpoena – Defendant argues that the evidence does not support the conviction because on the day federal agents served the subpoena on Gables (May 3, 2013), Defendant told Agent Muldrow that she could take the documents that same day and she declined to do so. Dkt. 111 at 3. Thus, Defendant argues that he would not have given Agent Muldrow permission to take the documents that same day if he intended to alter them. Defendant made this argument to the jury at trial. Viewed in the light most favorable to the government, the jury could have reasonably inferred that Defendant had already altered the documents by May 3, 2013.

4

Count seventeen charged Defendant with instructing Gables' patients to lie about their medical treatment at the clinic and occurred on June 13, 2013, the "Starbucks meeting." Cathleen Ortega (a patient at the clinic) testified that Gladys Fuertes and Mario Fuertes met with patients at Starbucks where they were shown pictures of the doctors that they had never seen at Gables and were told to lie about costly procedures they never received at the clinic.  Defendant argues that Ms. Ortega's testimony was not credible and made no sense.  However, it is up to the jury to determine the credibility of a witness.  Moreover, there was other testimony at trial regarding Defendant's role in instructing patients to lie.  Mark Adams testified that he was asked to attend the Starbucks meeting but declined to do so.  Jonathan Jones testified that Defendant came to his home and gave him the same instructions: to lie about doctors at Gables and about services he never received.

Based on the evidence and testimony at trial, the jury could have reasonably concluded that Defendant was guilty of obstructing a healthcare fraud investigation.

B. <u>Motion for a New Trial</u>.

On a Rule 33 motion for a new trial, the court need not view the evidence in the light most favorable to the verdict.  It may weigh the evidence and consider the credibility of the witnesses.  *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  "Motions for new trial are disfavored," and the Eleventh Circuit has "directed that district courts grant them 'only in those really exceptional cases,' when '[t]he evidence ... preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'"  *United States v. Lopez*, 652 Fed. Appx. 891, 898 (11th Cir. 2014) (quoting *Martinez*, 763 F.2d at 1313).  The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court.  *Martinez*, 763 F.2d at 1312.

Defendant asserts that he is entitled to a new trial because there was little to no evidence establishing that he was part of a Medicare conspiracy, and no credible evidence that he intentionally obstructed a heath care fraud investigation.  Defendant raises the same grounds in the motion for new trial as he did in his renewed motion for judgment of acquittal.  The evidence at trial did not weigh heavily against the jury's finding of guilt.  The evidence supported the jury's verdicts. The verdict is not a miscarriage of justice. Defendant is not entitled to a new trial.

**III.    CONCLUSION**

For the reasons stated above, Defendant's Renewed Motion for Judgment of Acquittal and Motion for a New Trial are DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of April, 2015.


SUSAN C. BUCKLEW
United States District Judge


Copies To:
Counsel of record