UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                      Case No.: 8:14-cr-92-T-24JSS

MARIO FUERTES
_____/

**ORDER**

THIS MATTER is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 196) filed on August 21, 2017. The Government moves under 18 U.S.C. §§ 3613(a) and 3664(n) for an order authorizing the Bureau of Prisons to turn over funds held in the inmate trust account of Defendant, Mario Fuertes, for payment toward the restitution imposed in this case. A review of the docket indicates that Defendant has not filed a response to the Motion, and the time within which to respond has now passed.

On June 29, 2015, Defendant was sentenced to a total term of 135 months' imprisonment and three years of supervised release, and he was ordered to pay $262,229.30 in restitution and $1,300 in special assessment fees. (Dkt. 143.) Restitution is joint and several with Co-Defendant Gladys Fuertes. The Judgment provides:

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   X   Lump sum payment of $1,300.00 due immediately.

. . .

F.   X   Special instructions regarding the payment of criminal monetary penalties: You shall pay $100.00 immediately and shall pay the balance in monthly payments of $100.00. While in Bureau of prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of his monthly

> earnings if you have Unicor Job. *Upon release from custody*, you shall pay restitution at the rate of 10% of your net income per month. At any time during the course of post-release supervision, the victim, the government, of the defendant, may notify the Court of material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.
>
> Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
>
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
>
> X    Joint and Several
>
>      Defendant MARIO FUERTES shall pay Restitution in the amount of $262,229.30 jointly and severally with and Co-Defendant Gladys Fuertes, case number 8:14-cr-92-T-24MAP.
>
>                                   . . .
>
> X    The defendant shall forfeit the defendant's interest in the following property to the United States: [forfeiture money judgment against the defendant in the amount of $1,036,759.72.]
>
> Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

(Dkt. 143 at 6.)

As stated by the Government, Defendant has paid $225 toward his special assessment, but no payments have been made toward his restitution balance. His outstanding balance is $264,740.72, which includes accruing interest. According to the Government, Defendant currently maintains a balance of $5,025 in his inmate trust account held by the Bureau of Prisons. Accordingly, the Government requests an order authorizing the Bureau of Prisons to turn over to the Clerk of Court funds in the amount of $4,900.20 held in Defendant's inmate trust account as

payment toward his outstanding restitution. The Government asserts that a lien has attached to Defendant's interest in the funds under 18 U.S.C. § 3613(c), and the funds in the account are not exempt from payment of restitution under 18 U.S.C. § 3613(a)(1). The Government further asserts that Defendant failed to notify the Court that he acquired these funds as required by 18 U.S.C. § 3664(k). (Dkt. 196.)

Upon consideration, it is **ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 196) is **GRANTED**. The Bureau of Prisons is authorized to turn over to the Clerk of Court, and the Clerk of Court shall accept, the funds ($4,900.20) currently held in the trust account for the following inmate:

> Mario Fuertes
> Register No: 05017-104
> FCI Miami
> Federal Correctional Institution
> P.O. Box 779800
> Miami, FL 33177

The Clerk of Court shall apply the funds as payment toward the restitution owed by Defendant, Mario Fuertes, in this case.

**DONE** and **ORDERED** in Tampa, Florida, on September 29, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Mario Fuertes